UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-00053-TBR


VIRGINIA BUDDE                                                          PLAINTIFF

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY                                           DEFENDANT


MEMORANDUM OPINION

This matter comes before the Court upon State Farm Automobile Insurance Company's, the Defendant, Motion for Summary Judgment (Docket #26). The Plaintiff, Virginia Budde, has filed a response (Docket #27). The Defendant has filed a reply (Docket #29). This matter is now ripe for adjudication. For the reasons that follow, the Defendant's Motion for Summary Judgment is GRANTED.

BACKGROUND

This action arises out of a motorcycle accident on May 7, 2005, which resulted in significant bodily injury to Virginia Budde, a passenger. The motorcycle was negligently operated by Jerry Jarrett. Jerry Jarrett and Budde were in a long term relationship and lived together in a home which they owned jointly. On the date of the accident, Budde had an automobile insurance policy with State Farm that provided underinsured motorist ("UIM") benefits. Budde's damages exceeded Jarrett's liability insurance coverage. Accordingly, Budde filed a claim under the UIM portion of her State Farm policy. State Farm denied Budde's claim based on an exclusion in the UIM section which does not allow for claims when the accident occurs in a vehicle furnished for the regular use of the insured or the insured's spouse or relative.

On March 2, 2006, Budde filed suit against State Farm in McCraken Circuit Court seeking recovery of UIM benefits under the policy. It is unclear whether the primary issue before the state court involved treating Budde and Jarrett as spouses or treating the motorcycle as a vehicle furnished for Budde's regular use. The parties filed cross-motions for summary judgment in state court and the trial court ruled in Budde's favor. The Kentucky Court of Appeals affirmed and State Farm tendered its policy limits plus costs and interest to Budde.

Budde filed the current action in McCracken Circuit Court on March 4, 2009. State Farm removed the action to this Court on April 6, 2009, under diversity jurisdiction. Budde alleges a bad faith claim against State Farm for its refusal to settle Budde's claim. This Court determined in its order dated October 22, 2009 that the only potential settlement behavior subject to a bad faith claim was State Farm's refusal to settle. All other State Farm activity was litigation activity which cannot be the subject of a bad faith claim.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the

case.  *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff.  *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment.  A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate."  *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)."  *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

A bad faith refusal to settle requires "sufficient evidence of intentional misconduct or reckless disregard of the rights of an insured or a claimant to warrant submitting the right to award punitive damages to the jury." *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993). The Supreme Court then proceeded to lay out this high standard with particularity. An insured "must prove three elements in order to prevail against an insurance company for alleged refusal in bad faith to pay the insured's claim: (1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed." *Ibid.*

**DISCUSSION**

The standard clearly lays out three requirements for a claim of bad faith denial of an

insured's claim. The first requirement, that the insurer must be obligated to pay the claim under

the terms of the policy, has been resolved in favor of the Plaintiff in the Kentucky state courts

and need not be revisited. The remaining two requirements are left for this Court to address.


**I. The Insurer Must Lack A Reasonable Basis in Law or Fact for Denying the Claim**

The Defendant argues that there was a reasonable basis in law and fact to litigate that the

vehicle was furnished for Budde's regular use. In addition, there could be an argument that

Budde and Jarrett were relatives as a matter of policy under the State Farm exclusion.


**A. Furnished for Budde's Regular Use**

The primary argument offered by the Defendant is that Jarrett's motorcycle was

furnished for Budde's regular use and this provided a reasonable basis for denying the claim.

This is simply not the case. To show that the motorcycle was furnished for Budde's regular use,

the Defendant must assert that a vehicle can be furnished for regular use to an unlicensed

passenger. The Defendant relies on two cases to support this assertion. The first case is *Murphy*

*v. Kentucky Farm Bureau Mut. Ins. Co.* 116 S.W.3d 500 (Ky.App. 2003). *Murphy* involved

excluding from UIM coverage a 14-year old boy killed while a passenger in a car. The

Defendant claims this case demonstrates that an unlicensed passenger can have a vehicle

furnished for regular use and subsequently be excluded from UIM coverage. However the court

in *Murphy* found that the plaintiff "clearly failed to meet the definition of underinsured motor

vehicle" because the vehicle involved in the accident "was available for regular use by *family*

*members*." *Id.* at 501 (emphasis added). Since the State Farm exclusion requires only that a vehicle be furnished for regular use to the insured, their spouse, or their relative, being furnished for regular use to a family member is dispositive of this issue. The court never found that the vehicle was furnished for the plaintiff 14-year old boy's regular use. Accordingly, the case is easily distinguishable from the current case because Budde and Jarrett are not family members. Since the case does *not* find that use be an unlicensed passenger can constitute furnished for regular use, *Murphy* does not provide a reasonable basis for the denial of Budde's claim.

The second case the Defendant relies on is an unpublished opinion of the Kentucy Court of Appeals. In *Porritt v. State Farm Mut. Auto. Ins. Co.*, the wife of a motorcycle driver tried to claim UIM benefits on the grounds that the motorcycle was used only occasionally and for recreational purposes and was therefore not 'furnished for [regular] use.' 2004 WL 690719, *1 (Ky.App. 2004). The court determined that since the motorcycle was owned by the husband it was obviously furnished for the husband's regular use irrespective of actual use. *Id.* Since the motorcycle was furnished for regular use to the husband, the wife fell under the exclusion as a spouse. *Id.* At no point does the court address the idea that the motorcycle was furnished for the regular use of the wife herself. As with *Murphy*, this case is clearly distinguishable on the grounds that Budde is not Jarrett's spouse. This case does not stand for the proposition that riding as an unlicensed passenger can result in a vehicle being furnished for your regular use and accordingly does not provide a reasonable basis for so litigating.

Neither cases's holding even approach stating that a vehicle can be furnished for regular use to a person that does not have a license for that vehicle. Nor does either case state that a vehicle can be furnished for regular use when only used as a passenger. Because there are clear terms for the exclusion not contradicted by case law, there was no reasonable basis to deny the

claim on the grounds that the motorcycle was furnished for Budde's regular use.

### B. Familial Relationship between Budde and Jarrett

There may also be an argument that the long-term relationship and cohabitation between Budde and Jarrett approximated a familial relation that would bring Budde within the UIM exclusion. The opinion letter submitted by the Defendant from Attorney Sims states that the claim could be denied because Mr. Sims did not think "that Ms. Budde not being married to Mr. Jarrett is a distinction that would keep the exclusion for a vehicle that was regularly available for use of the insured from applying." It also appears that this was the primary issue at the trial itself. Virginia Budde's Response To State Farm's Motion for Summary Judgement, Docket # 27, pg. 11-12 ("Judge Clymer rejected the "Jarrett as spouse" argument. Before the Court of Appeals, State Farm also argued that Budde could have required her boyfriend to purchase more liability insurance (just like a spouse)."). In the current proceeding, the Defendant seems to have abandoned the argument. Accordingly, given the information available to this Court, there is nothing with which to determine that there was a reasonable basis in the law or facts to support this argument.

Because the Defendant did not have a reasonable basis for claiming that the vehicle in question was furnished for Budde's personal use or that Budde and Jarrett had the relationship necessary to bring them within the purview of the exclusionary language in the policy, there was no reasonable basis for denying Budde's claim.

### II. Knowledge of or Reckless Disregard for a Lack of a Reasonable Basis

The final issue is whether "the insurer either knew there was no reasonable basis for

denying the claim or acted with reckless disregard for whether such a basis existed." *Wittmer*, 864 S.W.2d at 890. To demonstrate this, the "plaintiff must go beyond a mere showing of nonpayment and prove a bad faith nonpayment, a nonpayment without any reasonable ground for dispute." *Federal Kemper Ins. Co. V. Hornback*, 711 S.W.2d 844, 846 (Ky. 1986) (Leibson, J., dissenting, *cited with approval in Curry v. Fireman's Fund Ins. Co.*, 784 S.W.2d 176 (Ky. 1989)). In the current case, nonpayment is obvious; however, bad faith is not. It is undisputed that the Defendant engaged outside counsel that concluded "there [was] a valid basis to uphold [the] reservation of rights that there [was] no coverage for the UIM claims of Ms. Budde." Sims Opinion Letter, Docket # 26, Exhibit E. In a deposition, Mr. Retzlaff states he would have paid the claim as soon as he no longer felt the UIM exclusion applied. Depo Testimony of Denny Retzlaff, Docket #26, Exhibit D. The Plaintiff has provided nothing to contradict these facts. While the Plaintiff provided some deposition testimony of a misunderstanding between how Mr. Retzlaff understood the applicable case law and how his attorneys understood it, the Plaintiff has presented no evidence that this misunderstanding rises to the level of bad faith or even recklessness.

In hindsight, the outcome reached by the Kentucky courts may seem obvious. In hindsight, it may be clear to this Court that the Defendant lacked a reasonable basis when denying Budde's claim. Bad faith, however, cannot be determined with the benefit of hindsight. The evidence shows that Mr. Retzlaff made a reasonable effort to investigate the claim. The evidence shows that when Mr. Retzlaff doubted the validity of the claim, he turned to outside counsel for an opinion. The evidence shows that Mr. Retzlaff's outside counsel stated that there was a reasonable basis for denying the claim, and Mr. Retzlaff then acted on that advice to deny the claim. Obviously this Court did not agree with outside counsel's conclusion. However, that

does not mean it was a completely unreasonable conclusion.  Furthermore, the Defendant acted

reasonably in relying on that conclusion.  All of these show that the Defendant had no 'evil

motive' or 'reckless disregard of the insured's rights' when denying the claim.   The plaintiff has

provided nothing that disputes these underlying actions taken by the Defendant, actions that

would only be taken by a defendant acting in *good* faith to determine the validity of a claim.

Given the advice received by the Defendant and the careful actions taken by the Defendant to

ensure that the claim was handled appropriately, it seems clear that "the insurer [did not know]

there was no reasonable basis for denying the claim[.]" *Wittmer*, 864 S.W.2d at 890.  Similarly,

given the Defendant's thorough and cautious approach to the claim, there is no "reckless

disregard for whether a [reasonable basis] existed." *Ibid.*  Because of this, the Court feels that

the Plaintiff has failed to make the required showing under the third prong of the bad faith test

despite the fact that there was no reasonable basis for the Defendant's refusal to settle.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for Summary Judgment is

GRANTED.  The Court finds that the Plaintiff has not met the burden of providing more than a

mere scintilla of evidence on bad faith or recklessness.